UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

LEE OTIS DANIELS                                    Case No. 04-10983
CYNTHIA HOLCOMBE DANIELS

    Debtors

**ORDER GRANTING THE MOTION OF THE UNITED STATES FOR RELIEF FROM
THE AUTOMATIC STAY FOR OFFSET**

William L. Howell, Attorney for Debtors, Mobile, AL
Charles Baer, Attorney for United States, Mobile, AL

This matter came before the Court on motion of the United States for relief from the automatic stay for offset. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has authority to enter a final order. For the reasons indicated below, the Court is granting the motion.

**FACTS**

The Debtors filed a Chapter 13 case on February 19, 2004. The debtors listed the Internal Revenue Service ("IRS") as a creditor holding an unsecured priority claim. The IRS filed a proof of claim on June 29, 2004, in the amount of $8,908.88. On August 27, 2004, the United States filed a motion to extend time to amend the IRS's proof of claim, citing several discrepancies in the debtors' tax returns requiring further investigation. The Court granted the motion on October 26, 2004, concluding that time was "extended until the conclusion of [the United States's] enquiries concerning the accuracy of Debtors' tax returns." On February 7, 2007, the United States filed the motion for relief from the automatic stay presently before the Court.

In its motion for relief, the United States argues that Mr. Daniels "has filed a 2002 Federal income tax return claiming an overpayment (refund) of $600.34 and a 2003 Federal income tax return claiming an overpayment (refund) of $1,457."[1] The motion further explained that Mr. Daniels still owes the IRS money for taxes. The motion did not state whether or not Mr. Daniels has already received his tax overpayments. At the hearing, the Court took judicial notice of the fact that the debtor did not list his potential tax overpayments as an asset in his bankruptcy schedules.

The debtor responded by stating that the IRS has already filed a proof of claim in his case for $8,908.88, splitting the claim for a secured portion of $6,140.10 and an unsecured portion of $2,768.78. The secured claim is currently being paid on a $147.99 monthly preference payment basis with a remaining balance of $812.46; and the unsecured claim, per the confirmed plan, is to be paid on a 48% basis ($991.10). The Court held a hearing on February 28, 2007.

**LAW**

The IRS acknowledges that the tax overpayments are property of the estate and seeks relief from the stay in order to offset the overpayments from the amounts owed it by Mr. Daniels. The IRS seeks to apply the offset to the unsecured portion of its claim. The debtor counters that since the IRS has never amended its claim and the plan has been confirmed, the IRS is obligated by the terms of the confirmed plan. Alternatively, the debtor argues that should the Court allow the IRS a right of offset, the offset should be limited to the secured portion of the IRS's claim.

11 U.S.C. § 553 provides:

---

[1] The government claims both the debtor and his spouse filed separate tax returns claiming the parties' children as dependents.

2

Case 04-10983   Doc 54   Filed 03/07/07   Entered 03/07/07 13:05:42   Desc Main
Document      Page 2 of 4

> Except as provided in this section and in sections 362 and 262 of this title, this title [the Bankruptcy Code] does not affect any right of a creditor to offset a mutual debt owing by such creditor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

This setoff provision of the Code "preserves the right of setoff where there are mutual, pre-petition obligations owing between the debtor and the creditor, and a right to setoff the obligations exist[s] under non-bankruptcy law." *In re Bourne*, 262 B.R. 745, 749 (Bankr. E.D. Tenn. 2001). Section 553 does not create a federal right of setoff. It preserves setoff rights that otherwise are present under nonbankruptcy law. *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16 (1995). At the Court's hearing, the IRS asserted a right under nonbankruptcy law, 26 U.S.C. § 6402, to set off the unpaid tax debts against the tax overpayments owed to Mr. Daniels. Section 6402(a) of title 26 states:

> (a) General rule. In the case of any overpayment, the Secretary [of the Treasury] . . . may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d), and (e), refund any balance to such person.

The Court finds that, pursuant to Section 553(a), the IRS is allowed to set off the debtor's tax overpayments to the unsecured debt owed the IRS. *See In re Pigott*, 330 B.R. 797, 799 (Bankr. S.D. Ala. 2005). Although the debtor argues that the IRS is bound by the terms of the plan since it failed to amend its proof of claim, the Court did issue an order on October 26, 2004, concluding that time to amend the IRS's claim was "extended until the conclusion of [the United States's] enquiries concerning the accuracy of Debtors' tax returns." To this extent, therefore,

3

the IRS is not bound by the terms of the confirmed plan.

Alternatively, the debtor argues that the IRS's right of setoff should only be applied to the remaining portion of its secured claim. However, "[p]ursuant to clear statutory authority [26 U.S.C. § 6402(a)] and the implementing Treasury Regulations, the IRS has the discretion to designate the application of overpayments among a taxpayer's various tax liabilities." *United States v. Ryan (In re Ryan)*, 64 F.3d 1516, 1524 (11th Cir. 1995).

THEREFORE IT IS ORDERED AND ADJUDGED:

1. The motion for relief from stay of the United States is granted to allow the IRS to offset the debtor's tax overpayments from liabilities presently owed the IRS; and

2. The IRS has authority to apply the offset to the debtor's unsecured tax liabilities.

Dated: March 7, 2007

_Margaret A. Mahoney_
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE